UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIMONE BRAHAM,

    Plaintiff,

v.                                                      Case No: 8:15-cv-248-T-36TGW

FREO FLORIDA, LLC, AURORA LOAN
SERVICES, LLC, AURORA BANK FSB,
HOMECOMING FINANCIAL, LLC,
TROY PANTON, GETTI PANTON and
JOHN AND JANE DOE,

    Defendants.
_____/

## **ORDER**

    This cause comes before the Court upon Plaintiff Simone Braham's Emergency Motion to Stay Writ of Possession (Doc. 4). The Court, having considered the motion and being fully advised in the premises, will now DENY Braham's Emergency Motion to Stay Writ of Possession.

    Proceeding *pro se*, Braham brought this action on February 5, 2015, asserting a variety of claims in connection with the allegedly illegal foreclosure of her residence. Doc. 1. In her emergency motion, filed February 23, 2015, Braham asserts that, on February 6th, a hearing regarding a writ of possession was held without her knowledge or approval and was attended by an attorney whom she had previously discharged. *See* Doc. 4 at 1; *see also Freo Florida LLC v. Simone*, Case No. 2013CA-5626 (Circuit Court of Polk County, Florida).[1] Braham adds that, immediately following this hearing, an alias writ of possession was ordered, the alias writ of

---

[1] The docket for that case is available at https://ori2.polk-county.net/ct_web1/case_detail.asp?SearchType=Party+Name&ascaseid=478346&ascrttype=CR.

possession was posted on her door on February 12th, and she was illegally evicted from her residence on February 16th. She now seeks to stay the alias writ of possession.

## DISCUSSION

The Court must deny Braham's motion for two reasons. *First*, the Court construes the motion, which was filed on an emergency basis, as one for a temporary restraining order without notice, asking the Court to restrain the execution of the alias writ of possession. "The issuance of a temporary restraining order . . . is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Samson v. Murray*, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Similarly, under the Local Rules, a motion for a temporary restraining order must be supported by "allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for the preliminary injunction is impractical if not impossible." M.D. Fla. R. 4.05(b)(2). In addition, the motion should contain or be accompanied by a legal memorandum which addresses the following: the likelihood that the moving party will ultimately prevail on the merits; the irreparable nature of the threatened injury and the reason that notice cannot be given; the potential harm that might be caused to the opposing parties or others if the order is issued; and the public interest, if any. M.D. Fla. R. 4.05(b)(3) and (4).

Here, Braham has failed to show that she is entitled to a temporary restraining order, because she has not demonstrated that she will suffer an "immediate and irreparable injury," much

2

less one that is "so imminent that notice and a hearing . . . is impractical if not impossible." This is particularly true where the alias writ of possession was authorized by a court of law, after notice and a hearing, which was attended by Braham's attorney.[2]  Indeed, Braham has not even specifically identified any injury she would suffer if the Court were to deny her motion. Although unclear, it appears from Braham's motion that the alias writ of possession has already been executed and that she has already been evicted from her residence. If so, then the relief Braham is seeking through her emergency motion has effectively been mooted.

*Second*, it appears that this Court lacks subject matter jurisdiction to entertain Braham's motion. Braham is essentially asking this Court to overturn the Polk County Circuit Court's decision to deny her motion to stay the alias writ of possession.[3] Under the *Rooker-Feldman* doctrine,[4] however, this Court cannot review state court final judgments, because "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Indeed, the *Rooker-Feldman* doctrine applies squarely to the relief sought in Braham's motion—she is a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To obtain a stay on the alias writ of possession issued by the Polk County Circuit Court, Braham may seek relief only through the state appellate process or from the United States Supreme Court. *See Casale*, 558 F.3d at 1261.

---

[2] Braham contends that she had discharged her attorney. However, no order allowing the attorney to withdraw has been provided to the Court.

[3] Although Braham does not identify this event in her motion, from an independent review of the docket in the Polk County Circuit Court case, the court notes that on February 6, the Polk County Circuit Court issued an "Order Denying Defendant's Motion to Stay Writ of Possession."

[4] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Emergency Motion to Stay Writ of Possession (Doc. 4) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on February 25, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any